United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
2/16/2010
Roberta D. Tabora, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMIE LAWRENCE,<br>Plaintiff, | : | CIVIL ACTION NO.<br><br>3:10CV231 (JCH) |
| VS. | : | |
| EG SYSTEMS, INC.<br>D/B/A SCOTTSLAWN SERVICE,<br>Defendant. | :  | February 15, 2010 |

## COMPLAINT

### INTRODUCTION

1. This is an action to redress the discriminatory treatment suffered by the plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, and the laws of the State of Connecticut.

### JURISDICTION

2. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

3. Plaintiff has exhausted her administrative remedies.  Plaintiff received a "Release of Jurisdiction" notice dated November 19, 2009, from the Connecticut Commission on Human Rights and Opportunities.  Plaintiff also received a "Notice of Right to Sue" dated November 17, 2009, from the Equal Employment Opportunity Commission.  This action is brought within 90 days of the receipt of both notices.

## PARTIES

4. During all times relevant to this complaint, plaintiff worked and resided in the State of Connecticut and was an employee under both 42 U.S.C. § 2000e(f) and Connecticut General Statutes § 46a-51.

5. During all times relevant to this complaint, the defendant (herein after "Scotts") was and still is engaged in the business of lawn service care in the State of Connecticut.

6. Defendant has more that fifteen employees and is an employer under both 42 U.S.C. § 2000e(b) and Connecticut General Statutes § 46a-51.

## FACTS

7. Scotts hired the plaintiff, a single, African-American female, as a customer sales representative ("CSR"), at its Stamford, Connecticut location, in or about February 2008.

8. Mr. David Diquiznio, a Scotts Service Manager, also worked at Scotts' Stamford location.

9. After plaintiff began working for Scotts, Mr. Diquiznio began to repeatedly make comments which were sexual in nature to and about the plaintiff.

10. Daily, Mr. Diquiznio walked into plaintiff's office and made comments about plaintiff's breasts.

11. Daily, Mr. Diquiznio walked into plaintiff's office and stared at plaintiff's breasts.

12. Several times, Mr. Diquiznio made comments which were sexual in nature about plaintiff's dress, skirt, shirt and boots.

13. Several times, Mr. Diquiznio asked plaintiff if she needed a hug.

14. On several occasions, Mr. Diquiznio told plaintiff that she was very sexy.

15. Eventually, on two separate occasions, plaintiff telephoned Ms. Pamela Nielson, her Manager, and complained about Mr. Diquiznio's conduct. Ms. Nielson was Scotts Customer Service and Administration Manager.

16. After the second discussion, Ms. Nielson told Ms. Plaintiff that she would inform Ms. Tina Elgin, Scotts' Regional Manager, and the two would meet with her to discuss matter.

17. Mr. Diquiznio's conduct eventually motivated plaintiff's female partner to confront him and ask him to stop making plaintiff upset with his comments and stares.

18. At that time, Mr. Diquiznio and several other employees learned that plaintiff was bisexual.

19. On several occasions, Mr. Diquiznio made comments regarding plaintiff's sexual orientation.

20. On several such occasions, Mr. Diquiznio inquired into plaintiff's sexual relationship with her female partner.

21. Upon learning of Ms. Plaintiff's sexual orientation, Plaintiff was treated differently by several Scotts agents including Ms. Nielson

22. Eventually, plaintiff's female partner was prohibited from entering Scotts building. Previously, Ms. Plaintiff's partner had been allowed to enter Scotts' premises to pick up or meet plaintiff for lunch.

23. Although plaintiff's performance had been previously praised, on July 2, 2008, Scotts terminated her employment.

24. At the time of her discharge, Scotts' representatives explained to Plaintiff that her discharge was due to budgetary reasons.

25. Plaintiff was the only employee dismissed from the Stamford office.

26. Plaintiff was discharged even though three less "senior" CRS employees remained employed.

27. Plaintiff has suffered sever pain, humiliation, emotional distress and loss of self-esteem and embarrassment as a result of the defendant's actions.

**FIRST COUNT**: Sexual Harassment (Title VII).

1-27. Paragraphs 1-27 are hereby incorporated by reference and made part of this First Count.

28. By the above facts, the defendant subjected the plaintiff to unlawful sexual harassment and discrimination based on gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)

**SECOND COUNT**: Retaliation (Title VII).

1-27. Paragraphs 1-27 are hereby incorporated by reference and made part of this Second Count.

28. By the above facts, the defendant retaliated against plaintiff for opposing an unlawful practice in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).

**THIRD COUNT**: Sexual Harassment (C.G.S. § 46a-60(a)(8)(c)).

1-27. Paragraphs 1-27 are hereby incorporated by reference and made part of this Third Count.

28. By the above facts, the defendant subjected the plaintiff to unlawful discrimination based on gender and sexual harassment based in violation of Connecticut General Statute § 46a-60(a)(8)(c).

**FOURTH COUNT**: Retaliation (C.G.S. § 46a-60(a)(4)).

1-27. Paragraphs 1-27 are hereby incorporated by reference and made part of this Fourth Count.

28. By the above facts, the defendant retaliated against plaintiff for opposing an unlawful practice in violation of Connecticut General Statute § 46a-60(a)(4).

**FIFTH COUNT**: Sexual Orientation Discrimination (C.G.S. § 46a-81c).

1-27. Paragraphs 1-27 are hereby incorporated by reference and made part of this Fifth Count.

28. By the above facts, defendant subjected the plaintiff to unlawful discrimination based on her sexual orientation in violation of Connecticut General Statute § 46a-81c.

WHEREFORE, Plaintiff claims judgment against the Defendant as follows:

1. Back pay and front pay in an amount to be determined by the trier of fact with interest from the date said sum was due;

2. Compensatory damages in an amount to be determined by the trier of fact;

3. Punitive damages in an amount to be determined by the trier of fact;

4. An injunction permanently enjoining Defendants, it officers, agents, employees, successors, assigns and al persons in active concert of participation with them from engaging in any employment practice which discriminates on the basis of sex;

5. Attorney's fees and costs of this action; and

6. Such further relief as this Court deems necessary and proper.

THE PLAINTIFF

By *[signature]*

Riccardo L. Pate, Esq.
155 Post Road East
Westport, CT 06880
(203) 226-9922
Federal Bar No. ct 15057